Dear Ms. Netterville:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Tensas Parish Police Jury, you have asked for our opinion as to whether the Tensas Parish Police Jury and the Town of Waterproof may enter into a cooperative endeavor agreement, whereby the Tensas Parish Police Jury would serve as an applicant for funding assistance under the American Recovery and Reinvestment Act of 2009 and utilize the funding assistance to perform much needed renovations at the Town of Waterproofs wastewater treatment plant.
La.Rev.Stat. 33:1324 provides, in pertinent part, the following with respect to police juries and municipalities:
 § 1324. Grant of authority to parishes, municipalities, police juries, harbor districts and terminal districts to act jointly
 Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
 (1) Police, fire and health protection. *Page 2 
 (2) Public utility services, such as water, electricity, gas, roads, bridges, causeways, tunnels, ferries and other highway facilities, and public transportation.
 (3) Sewers, drains and garbage and other refuse collection and disposal.
 (4) The construction or acquisition or improvement, and operation, repair and maintenance of public projects or improvements, whether or not rentals or other charges are fixed and collected for the use thereof, including but not being limited to roads, bridges, tunnels, causeways, ferries and other highway facilities, water systems, electric systems, sewer systems, drainage systems, incinerators and garbage collections and disposal systems, and public transportation systems.
 * * *
Thus, from the express language of La.Rev.Stat. 33:1324, police juries and municipalities are specifically authorized to enter into agreements that call for them to engage jointly in the improvement of any public project. The only caveat being that at least one of the party's to the agreement have the authority to perform such undertaking. Such agreements may include activities concerning public health, public utility services, sewers, sewer systems, and drainage systems. Such agreements may also contemplate the "joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement." In our view, the Town of Waterproof has the authority perform the proposed improvements to its wastewater treatment plant. Accordingly, pursuant to La.Rev.Stat. 33:1324, we are of the opinion that the Tensas Parish Police Jury and the Town of Waterproof have the authority to enter into the proposed cooperative endeavor agreement.
Nonetheless, since the proposed cooperative endeavor agreement contemplates the expenditure of public funds, we also believe an analysis under Louisiana Constitution Article VII, Section 14 is required. Louisiana Constitution Article VII, Section 14 provides the following with respect to the expenditure of public funds and cooperative endeavor agreements:
 "§ Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .' *Page 3 
 * * * (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public property. Paragraph (C) of Section 14 authorizes the state and its political subdivisions to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations, and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, a cooperative endeavor agreement must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A).
In Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. LouisianaMun. Risk Mgmt. Agency, Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's,938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for a cooperative endeavor agreement to be valid and legal and any associated expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show:
 (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue;
 (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and
 (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. *Page 4 
Both the Tensas Parish Police Jury and the Town of Waterproof have the legal authority and mandate to care for the safety, welfare, and health of its citizenry. We believe the expenditure of funds in connection with this general mandate qualifies as a public purpose that comports with the governmental purpose for which both public entities have legal authority to pursue.
We also believe the proposed expenditure, as a whole, does not appear to be merely gratuitous. The anticipated $550,000 in funding assistance will be used to perform much needed repairs and improvements to the Town of Waterproofs wastewater treatment plant. It is our understanding that all monies will be spent on repair and improvement costs. Thus, in exchange for the proposed expenditure of $550,000, the Town of Waterproof will receive $550,000 worth of repair and improvements to its wastewater treatment plant. Clearly, the Town of Waterproof will receive something of value in return for the proposed expenditure and the proposed expenditure does not appear to be merely gratuitous. Similarly, inasmuch as the Town of Waterproofs residents are also residents of Tensas Parish, we believe the Tensas Parish Police Jury receives something of value in return for the proposed expenditure. For these same reasons, we believe the Town of Waterproof and the Tensas Parish Police Jury both have a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the proposed expenditure. Thus, it is our opinion that the proposed cooperative endeavor agreement appears to pass the Cabela's test and is legal and permissible.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:______________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt